# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NUMBER 4:16-CR-00176-MAC-CAN |
| v. | § § | |
| | § § | |
| BIBIANA CORREA PEREA (2) | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Defendant Bibiana Correa Perea has moved pursuant to Federal Rule of Criminal Procedure 7(f) for an order directing the Government to provide a bill of particulars "specifying the manner in which the 'financial transactions' set forth in Count One of the indictment were designed 'to conceal and disguise the nature, location, source, ownership and control' of the proceeds of crime [sic]" [Dkt. 122]. The Government opposes Defendant Perea's request for a bill of particulars [Dkt. 124]. On October 25, 2017, United States District Judge Marcia Crone referred Defendant Perea's Motion for Bill of Particulars to the undersigned United States Magistrate Judge for consideration and a determination or recommended disposition [Dkt. 125]. Subsequent to such referral, Defendant Perea filed a Reply in support of her Motion for Bill of Particulars [Dkt. 126]. After reviewing the Motion for Bill of Particulars [Dkt. 122] and all other relevant filings [including Dkts. 32, 124, 126], the Court recommends that the Motion for Bill of Particulars [Dkt. 122] be **DENIED**.

## APPLICABLE BACKGROUND

On December 15, 2016, the grand jury returned a two-count indictment [Dkt. 17], charging Defendant Perea with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and obstruction of justice and aiding and abetting in violation of 18 U.S.C. §§ 1503 and 2 [Dkt. 17]. The grand jury later returned a superseding indictment on February 9, 2017 [Dkt. 32]. Count One of the Superseding Indictment charges that beginning in or about 2014, and continuing up to and including the date of the Superseding Indictment, Defendant Perea and her co-defendants, Charles Norman Morgan and James Morris Balagia, knowingly, willfully and unlawfully conspired and agreed, to:

> (a) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds represented by a law enforcement officer to be the proceeds of a specified unlawful activity to wit: distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance or substances from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of the specified unlawful activity and believing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant believed that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §1956(a)(3);

> (b) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, which involved the proceeds of a specified unlawful activity, to wit: distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance or substances with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some

    form of unlawful activity, in violation of 18 U.S.C. §§1956(a)(l)(A)(i), (a)(l)(B)(i) and (a)(2)(A), (a)(2)(B)(i); and,

    (c) engage, or attempt to engage, in a monetary transaction in an amount greater than $10,000 by, though, or to a financial institution with proceeds of a specified unlawful activity, that is, conspiracy to distribute or possess with the intent to distribute a controlled substance or substances in violation of 18 U.S.C. § 1957. All in violation of 18 U.S.C. § 1956(h).

Count Two of the Superseding Indictment charges that beginning in or about 2014, and continuing up to and including the date of the Superseding Indictment, Defendant Perea and her co-defendants, Charles Norman Morgan and James Morris Balagia, aided and abetted by each other, did knowingly, intentionally and corruptly endeavor to influence, obstruct and impede the due administration of justice in *United States v. Segundo Villata-Segura and Aldemar Villata-Segura, et al.*, in the Eastern District of Texas by promising defendants they could influence government officials to help them in their case. In violation of 18 U.S.C. §§ 1503 and 2 [Dkt. 32].

    Defendant Perea claims this indictment is so general that it does not sufficiently advise her of the specific acts upon which she is charged, and accordingly, she is unable to prepare an intelligent defense to the indictment. Specifically, Defendant Perea claims she needs information explaining: what manner the transfer of funds from Defendant Perea to the account of the co-defendant in the underlying case are alleged to have been disguised or concealed and/or in what manner the financial transactions were "more concealed after the financial transactions than before" [Dkt. 122; 126].

    The Government argues that the Motion for Bill of Particulars should be denied. The Government states the details of the conspiracy, to the extent they are known to the Government, are readily ascertainable from the language of the Superseding Indictment and the discovery provided to Defendant Perea pursuant to the Court's Order Relating to Pretrial Discovery and

Inspection. Specifically, the Government alleges it has already provided "[a]ll documentary evidence, including lab reports, photos, video/audio tapes, and physical evidence" to Defendant. The Government asserts that because the information sought by the Motion for Bill of Particulars is contained in these materials, Defendant Perea cannot show a need for the bill of particulars [Dkt. 124]. Defendant Perea acknowledges the Government has provided discovery, but argues that the discovery "sheds little light on the factual allegations supporting the indictment" [Dkt. 126].

## LEGAL STANDARD AND ANALYSIS

"A defendant possesses no right to a bill of particulars ...." *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

Rule 7(f) of the Federal Rules of Criminal Procedure provides the authority under which a bill of particulars may be obtained. "The purpose of a bill of particulars is to apprise a defendant of the charges against [her] with enough detail to allow [her] to prepare [her] defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005); *see also, e.g., Mackey*, 551 F.2d at 970 ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare [her] defense with full knowledge of the charges against [her], and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United*

*States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). "Criminal defendants 'are not entitled to discover all the overt acts that might be proved at trial' through a bill of particulars." *United States v. Licciardi,* No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (quoting *Kilrain*, 566 F.2d at 985). To that end, "[i]t is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989); *accord United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991) ("A bill of particulars is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise."); *United States v. O'Keefe*, No. A 95-106, 1995 WL 686746, at *1 ("that the defendant has been provided with evidentiary detail from the discovery process weighs against the necessity of a bill of particulars"). Because when the information sought by a bill of particulars is contained in discovery materials furnished to a defendant, no claim of prejudicial surprise can be sustained. *See United States v. Cleveland*, No. A 96-0207, 1997 WL 72158 (E.D. La. Feb. 19, 1997).

The key element of the charge alleged in Count One is that Defendant Perea and her co-defendants agreed to form a conspiracy to launder money. The Superseding Indictment discloses the identity of Defendant Perea's alleged conspirators, the purpose of the alleged conspiracy, its timing, and alleges Defendant Perea joined the agreement "knowingly." It is not necessary for the indictment to allege the specific acts Defendant Perea committed in furtherance of the money laundering conspiracy. *See, e.g., United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006) (the elements of conspiracy to commit money laundering are (1) an agreement between two or more

persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose). A bill of particulars is not a discovery device; the Government may not be compelled to provide the precise manner in which Defendant Perea committed the crimes charged. Here, the Government avers that it has adequately notified Defendant Perea of the nature of the charges against her through both the indictment and discovery. Moreover, Defendant Perea does not dispute that the Government has produced the aforementioned discovery and/or has provided her with all discovery to which she is lawfully entitled. As such, Defendant Perea has failed to show any need for a bill of particulars.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion for Bill of Particulars [Dkt. 122] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of November, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE