**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NUMBER 4:16-CR-00176-MAC-CAN |
| v. | § § § § | |
| BIBIANA CORREA PEREA (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Bibiana Correa Perea's Motion to Exclude Video Made in Columbia ("Motion to Exclude") [Dkt. 123]. On October 25, 2017, United States District Judge Marcia Crone referred Defendant Perea's Motion to Exclude to the undersigned United States Magistrate Judge for consideration and a determination or recommended disposition [Dkt. 125]. Subsequent to such referral, the Government filed its response in opposition [Dkt. 129]. After reviewing the Motion to Exclude [Dkt. 123] and all other relevant filings, the Court recommends that the Motion to Exclude [Dkt. 123] be **DENIED**.

### APPLICABLE BACKGROUND AND ANALYSIS

Under the current Amended Pre-Trial Order, Defendant Perea is scheduled for Final Pretrial Conference and Trial on April 2, 2017 [Dkt. 139]. Defendant Perea alleges that at trial the Government will seek to introduce a video recording made on December 21, 2015 in Columbia [Dkt. 123]. Specifically, the video is alleged to be a recording of a conversation by and between Segundo Villota Segura ("Segundo"), a known drug trafficker, and Defendants Perea, Balagia and Morgan in Segundo's cell in a maximum security prison in Columbia regarding Perea, Balagia and Morgan's payment of bribes to U.S. officials to assist Segundo with

the disposition of his pending criminal case in the Eastern District of Texas [Dkt. 123 at 2; Dkt. 129 at 1].[1]  Defendant Perea claims this video must be excluded from trial because it cannot be authenticated, contains inadmissible hearsay, is unfairly prejudicial to Defendant, and violates the Confrontation Clause.  Defendant Perea's contentions are each premised upon her assertion that the Government will not call Segundo (or his attorney) to the stand.  Neither Defendant Perea, nor the Government have provided the Court with a copy of the video.

*Authentication*

A party seeking to admit an item into evidence – including a video recording – must first establish the item's genuineness.  Fed. R. Evid. 901.  The admitting party's burden of establishing the item's authenticity can be satisfied by showing: (1) that the operator of the recording equipment was competent; (2) that the recording equipment was in good working order; (3) that no material alterations have been made to the recording; and (4) that the sounds or voices are identified.  *United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1996); *Beck v. Jet Equipment & Tools, Inc.*, 2001 WL 515243, *2 (E.D. La. 2001) (authenticity can be established by testimony regarding use, quality and reliability).  "Only a prima facie showing of genuineness is required.  The task of deciding the evidence's true authenticity is left to the jury." *Turner v. Knight Transportation, Inc.*, 2016 WL 1259891 (W.D. La. 2016).  The decision to admit a video is within the sound discretion of the trial judge.  *United States v. Singh*, 922 F.2d 1169, 1174 (5th Cir. 1991).  Defendant Perea's authenticity argument is merely speculative.  While the Government will have to lay a foundation for admissibility of the video at trial, a foundation

---

[1] The superseding indictment charges Defendant Perea with intentionally and corruptly endeavoring to influence, obstruct and impede the due administration of justice in *United States v. Segundo Villata-Segura and Aldemar Villata-Segura, et al.*, in the Eastern District of Texas by promising defendants they could influence government officials to help them in their case [Dkt. 32].

REPORT AND RECOMMENDATION – Page 2

need not be laid prior to trial. *Turner*, 2016 WL 125989, *2; *Williams v. Gaitsch*, 2011 WL 3847077 (W.D. La. 2011).

### *Hearsay and Confrontation Clause*

Defendant Perea additionally contends, that even if the video was properly authenticated, that it is rife with hearsay and its admission would violate her constitutional confrontation rights. Hearsay is any out of court statement introduced in evidence for the purpose of providing the truth of the matter contained in the statement. *United States v. Williamson*, 450 F.2d 585, 589 (5th Cir. 1971); Fed. R. Evid. 801(c). The Government alleges that Segundo's statements on the video constitute adoptive admissions or co-conspirator statements under Federal Rule of Evidence 801(d)(2)(B), (E), each of which are an exclusion from the hearsay rule [Dkt. 129 at 5-7]. An adoptive admission occurs when declarations are made in the defendant's presence "under such circumstances as would warrant the inference that [she] would naturally have contradicted them if [she] did not assent to their truth." *Spaf v. United States*, 156 U.S. 51, 54 (1895). Their adoption by the defendant brings them within the exception to the hearsay rule for admission by a party opponent and satisfies the Confrontation Clause. *See United States v. Gutierrez-Chavez*, 842 F.2d 77, 81 (5th Cir. 1988). Both Defendant Perea and the Government describe the video at issue to include statements made by Segundo, to which Defendant Perea (sometimes) responds. However, hearsay determinations turn upon the precise words or conduct at issue. The Parties have not provided the video to the Court, so it is not possible for the undersigned to make a determination as to which statements in particular Defendant Perea takes issue, or to evaluate the applicability of any hearsay exception. Moreover, Defendant's request is premature; any such determinations would be best made at trial or during pre-trial rulings.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion to Exclude [Dkt. 123] be **DENIED** without prejudice as premature.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of January, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE